WILLIAMS, APPELLANT, *v.* PUBLIC UTILITIES COMMISSION OF
OHIO ET AL., APPELLEES.
BERNSTEIN ET AL., APPELLANTS, *v.* PUBLIC UTILITIES
COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as Williams v. Pub. Util. Comm. (1977),
49 Ohio St. 2d 256.]

(Nos. 76-862 and 76-865—Decided March 23, 1977.)

*Condit & Dressing Co., L. P. A.,* and *Mr. James J. Condit,* for appellant Jack W. Williams.

*Mr. Ivan L. Tamarkin* and *Ms. Marlene Penny Manes,* for appellants Dr. Leonard Bernstein and Ms. Julane Katz.

*Mr. William J. Brown,* attorney general, *Mr. Charles S. Rawlings* and *Mr. Marvin I. Resnik,* for appellee Public Utilities Commission of Ohio.

*Messrs. Frost & Jacobs, Mr. Charles G. Puchta, Mr. Earl R. Huffman* and *Mr. Jeffery R. Rush,* for intervening appellee Cincinnati Bell, Inc.

PAUL W. BROWN, J. The overall cost of providing directory assistance is substantial. The record discloses that 50 percent of telephone customers do not call directory assistance even once in a given month; and that about 20

percent of the customers generate over 80 percent of such calls. The cost of such service is directly related to the number of such calls made. Prior to the institution of the charges in question, the volume of directory assistance service calls had been growing at a rate grossly disproportionate to the growth of the number of telephones.

Prior to the institution of the charges in question, this overall expense was included in the basic monthly rate and borne by customers generally. The record discloses that private phone rates would have to be 25 cents a month higher and business phones 65 cents a month higher if no charges allocating costs were made for directory assistance calls. Subsequent to the institution of the plan, the number of local directory assistance calls has decreased 82 percent and the average number of these calls per residential line has dropped from 3.4 calls per month to .7 calls per month.

It is evident that this economy and efficiency which has resulted from the direct allocation of the cost of directory assistance service retrospectively attests to the reasonableness of the commission order authorizing this innovation in realistic telephone rate structuring. Although not directly before us because of the posture of this cause, the reasonableness of the order needs to be considered here in judging whether the plan is, in the language of R. C. 4905.26, "unjust, unreasonable, unjustly discriminatory, unjustly preferential, or in violation of law" with respect to the complainants.

The major assertions of unjust discrimination include complaints that the D. A. charges apply to numbers which are not in the local directory, such as new numbers and those in neighboring communities of the same local service area, and thus a charge is made for an information call even when the customer could not have looked up the number in any other way; that five percent of customers have legitimate needs for greater directory assistance service; that the charge impedes people from calling to ascertain new business numbers not listed in the direc-

tory or that have been changed; that the charge discriminates against the illiterate and the poor; that handicapped persons are discriminated against; and that the charge is a penalty similar to that in *Ohio Manufacturers' Assn.* v. *Pub. Util. Comm.* (1976), 46 Ohio St. 2d 214.

With regard to all the foregoing assertions, several facts are evident from the record. Twenty-six percent of the users of 496 telephone lines associated with the named complainants made no directory assistance calls, and 84 percent made three calls or less in any given month. Directory assistance calls were incurred by a maximum of only 6.8 percent of the complainants in any given month. Further, the three appellants have together incurred a total expense of $4.00 for such services provided by Cincinnati Bell over a six-month period.

Such evidence of *de minimis* impact of the rates upon the named appellants is corroborated by evidence that the charge resulted in a savings of at least $17.60 from the charges that would have been made had the D. A. plan not gone into effect. The evidence presented was inadequate to support the complainants' burden of proving that the plan authorized by the earlier order of the commission was unjustly or unreasonably discriminatory.[1]

Nor are the demonstrated statistical possibilities that some subscribers who pay D. A. charges each month have legitimate need for greater service or that prospective customers of subscribers may be inconvenienced or inhibited by the need to pay to obtain the subscribers' numbers sufficient to render the plan unreasonably discriminatory.

Other courts have stated, and we observe, that tariff structuring is essentially discriminatory. The recent trend of relating cost of service more directly to tariff structuring seems in this case to assure fairer and more nondiscriminatory rates to all classes of users to the extent that cost structuring can be shown to require those using a

---

[1] Although the attack here upon a prior Public Utilities Commission order seems clearly collateral, we have examined the complaint in this regard and find it without merit.

utility service to pay for it; the rate is fairer and less discriminatory than a rate which charges the gross cost of the service to subscribers generally.[2]

We conclude that appellants have failed to maintain the burden required by the posture of their appeals and that the order of the commission dismissing the appellants' complaints was neither unreasonable, unlawful nor unconstitutional. The plan does not constitute an unlawful penalty under our holding in *Ohio Manufacturers' Assn.* v. *Pub. Util. Comm.*, *supra,* nor is our conclusion in the foregoing respects affected in any adverse way by rulings of the commission excluding evidence offered by the complainants at the hearing.

We find no ambiguity in the tariff filed requiring construction or any merit to the appellants' claim that the consent of the city council approving the original order approving the directory assistance charge was obtained by misrepresentation.

The order of the commission is therefore affirmed.

*Order affirmed.*

O'NEILL, C. J., HERBERT, McCORMAC, SWEENEY and LOCHER, JJ., concur.

CELEBREZZE, J., dissents.

McCORMAC, J., of the Tenth Appellate District, sitting for W. BROWN, J.

---

[2]See *Re Central Telephone Co.* (1976), 13 PUR 4th 431; *Washington Utilities & Transportation Commission* v. *Pacific Northwest Bell Telephone Co.* (1976), 14 PUR 4th 422, 439; *Re General Telephone Co. of the Southeast* (1975), 10 PUR 4th 248.